## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-03178-CAS (KSx) 2:17-cv-03196-CAS (KSx) | Date | January 3, 2018 |
|---|---|---|---|
| Title | JOHN BOWER V. WRIGHT MEDICAL TECHNOLOGY INC. ET AL. CATHERINE PRATER V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    (IN CHAMBERS)

PLAINTIFF'S MOTION TO CONSOLIDATE CASES (Filed November 27, 2017, Case No. 2:17-cv-03178-CAS, Dkt. 45)

PLAINTIFF'S MOTION TO CONSOLIDATE CASES (Filed November 27, 2017, Case No. 2:17-cv-03196-CAS, Dkt. 44)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of January 8, 2017 is vacated and the matter is hereby taken under submission.

## I.    INTRODUCTION

On April 27, 2017, plaintiffs John Bower ("Bower") and Catherine Prater ("Prater") filed separate but substantially similar complaints against defendants Wright Medical Technology, Inc. ("Wright") and MicroPort Orthopedics, Inc. ("MicroPort"). See Case No. 2:17-cv-03178-CAS, Dkt. 1 ("Bower Compl."); Case No. 2:17-cv-03196, Dkt. 1. ("Prater Compl.").[1]  Both plaintiffs assert seven claims against defendants: (1) strict products liability—manufacturing defect, (2) strict products liability—failure to warn, (3) negligence, (4) negligence—failure to recall/retrofit, (5) fraudulent misrepresentation, (6) fraudulent concealment, and (7) negligent misrepresentation.  Id. In brief, plaintiffs allege that they received the same artificial hip devices manufactured

---

[1] For sake of clarity and convenience, the following references are to the record in the Bower action unless otherwise specified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03178-CAS (KSx) 2:17-cv-03196-CAS (KSx) | Date | January 3, 2018 |
|----------|------------------------------------------------|------|-----------------|
| Title | JOHN BOWER V. WRIGHT MEDICAL TECHNOLOGY INC. ET AL. CATHERINE PRATER V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

by defendants and that the devices subsequently fractured causing them serious injury. See id.

On November 27, 2017 plaintiffs filed the above-captioned motions to consolidate. Dkt. 45 ("Mot."). On December 18, 2017, defendants filed an opposition to the motion. Dkt. 46 ("Opp'n"). On December 22, 2017, plaintiffs filed a reply. Dkt. 47 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs allege the following facts. Both plaintiffs had hip replacement surgeries performed by Dr. Jason Snibbe ("Dr. Snibbe") at Cedars-Sinai Medical Center in Los Angeles, California. Bower Compl. ¶ 8; Prater Compl. ¶ 8. Prater underwent a right total hip arthroplasty on January 17, 2012. Prater Compl. ¶ 3. Bower underwent a left total hip arthroplasty on October 1, 2013. Bower Compl. ¶ 3. In both cases, Dr. Snibbe surgically implanted defendants' PROFEMUR® Total Hip System, specifically the "VV" Long neck, model PHAC-1254, made from cobalt chrome alloy ("the device"). Bower Compl. ¶¶ 3, 66; Prater Compl. ¶¶ 3, 66. While Bower and Prater were performing normal and expected activities of daily living on December 4, 2016 and January 9, 2017 respectively, the modular neck of both devices suddenly and catastrophically failed. Plaintiffs were subsequently hospitalized and the devices were surgically removed. Bower Compl. ¶¶ 69–72; Prater Compl. ¶¶ 69–72.

Wright began manufacturing and selling the PROFEMUR® Total Hip System after December 13, 2000, when Wright received permission to distribute the device from the United States Food and Drug Administration ("FDA"). Bower Compl. ¶¶ 17, 20. The device the FDA approved contains a modular neck that was designed and had previously been distributed in Europe by Cremascoli Ortho ("Cremascoli"), which Wright acquired in December 1999. Id. ¶¶ 16, 18. The FDA never considered and approved the safety of the PROFEMUR® Total Hip System, but instead concluded it was substantially equivalent to an already legally marketed device manufactured by Cremascoli. Id. ¶ 19. On August 25, 2009, the FDA permitted Wright to distribute and market a PROFEMUR® device made from cobalt chrome alloy instead of the titanium-aluminum-vanadium alloy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03178-CAS (KSx) 2:17-cv-03196-CAS (KSx) | Date | January 3, 2018 |
|---|---|---|---|
| Title | JOHN BOWER V. WRIGHT MEDICAL TECHNOLOGY INC. ET AL. CATHERINE PRATER V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

used since 2000 without assessing the safety of the device but rather finding that the devices are substantially similar. Id. ¶¶ 21–22.

Plaintiffs allege that Wright made "representations, statements, claims, and guarantees about its PROFEMUR® modular necks" in "various marketing and promotional material published and distributed by Wright from approximately" 2002 to 2005. Id. ¶ 24. Specifically, Wright represented that the devices "have been successfully implanted in over 50,000 patients" and that "[n]one of the necks has experienced a clinical failure since their inception." Id. Wright represented that "[e]xtensive laboratory tests have proven that the coupling between the modular neck and femoral implant guarantees" "[s]tructural reliability," the "[a]bsence of significant micromovement," and the "[a]bsence of fretting corrosion." Id. Despite these representations, plaintiffs allege that defendants had in fact received notice of fractures of the modular necks that had been implanted in patients in Europe prior to 2001. Id. ¶ 28. However, defendants allegedly failed to disclose this history of fractures in European patients to the FDA until April 19, 2005. Id. ¶ 33.

Plaintiffs further allege that defendants did not inform surgeons known to have implanted the device of any fractures until December 1, 2008, when they issued a safety alert to medical professionals. Id. ¶ 40. This safety alert provided that defendants had "received reports of 43 modular neck failures as of November 21, 2008" and that "initial investigations have revealed several commonalities in these failures: heavyweight males, long modular necks and patient activities such as heavy lifting and impact sports." Id. Despite their investigations into these fractures, defendants allegedly did not issue warnings that the device should not be used in heavier patients or in patients who engage in heavy lifting or impact sports prior to August 2010. Id. ¶¶ 43–49. On August 25, 2009, Wright began distributing modular necks made from cobalt chrome alloy. Id. ¶ 50. Despite the change in materials, the devices remain "susceptible to mircromotion and fretting corrosion at the neck-stem junction" and continue to fracture "from cyclic loading and metal fatigue." Id. ¶¶ 52–53. However, Wright did not inform patients that the device has a "higher than anticipated" rate of failure. Id. ¶ 54.

In 2014, MicroPort acquired the division of Wright responsible for designing and selling the device. Id. ¶ 59. On August 11, 2015, MicroPort announced a voluntary recall of the device implanted in Bower and Prater in the interest of "patient safety." Id.

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03178-CAS (KSx)<br>2:17-cv-03196-CAS (KSx) | Date | January 3, 2018 |
|---|---|---|---|
| Title | JOHN BOWER V. WRIGHT MEDICAL TECHNOLOGY INC. ET AL.<br>CATHERINE PRATER V. WRIGHT MEDICAL TECHNOLOGY, INC.<br>ET AL. | | |

¶¶ 60, 62. On September 28, 2015, the FDA issued a Class 1 recall of the device. Id. ¶ 64.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact. Consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). "In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Ferguson Corinthian Colleges Inc., No. 11-cv-0127-DOC, 2011 WL 1519352, at *2 (C.D. Cal. Apr. 15, 2011) (quotation marks omitted); see also Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause"). "[T]ypically, consolidation is favored." Ho Keung Tse v. Apple, Inc., No. 12-cv02653-SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013).

## IV. DISCUSSION

Plaintiffs seek to consolidate both actions for all purposes, including trial, and request that all remaining discovery and motion deadlines in the Prater action be continued to and consolidated with the dates set in the Bower action. Mot. at 1–2. Plaintiffs argue that common questions of law and fact predominate over any distinguishing facts such that consolidation would promote judicial economy. Id. at 2. Plaintiffs indicate that both cases involve the same product model, the same defendants, the same implanting surgeon, the same counsel, and the same theories of liability. Id. at 3–4. Because of these substantial similarities, plaintiffs anticipate that both cases will involve much of the same documentary evidence and testimony from fact witnesses and experts. Id. at 4. Plaintiffs argue that any potential risk of prejudice or confusion at trial may be avoided through preventative measures such as cautionary instructions and

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03178-CAS (KSx) 2:17-cv-03196-CAS (KSx) | Date | January 3, 2018 |
|----------|---------------------------------|------|-----------------|
| Title | JOHN BOWER V. WRIGHT MEDICAL TECHNOLOGY INC. ET AL. CATHERINE PRATER V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

providing separate verdict forms. Id. at 10–11. Plaintiffs cite several orders in which district courts have consolidated product liability actions on similar facts, including this Court's order on January 9, 2017 consolidating Biorn v. Wright Med. Tech., Inc., No. 2:15-CV-07102-CAS (KSx) with Sarafian v. Wright Med. Tech., Inc., No. 2:15-CV-09397-CAS (KSx).

Defendants contend that consolidation of the Bower and Prater actions for all purposes, including trial, is premature at this time given the incipient posture of the proceedings. Opp'n at 2–3. Because plaintiffs' responses to written discovery requests were not due until December 28, 2017, defendants—at the time of filing their opposition brief—were unable to verify the allegations in the complaints. Id. at 3. Without completing the initial stages of fact discovery, defendants contend that it is impossible to definitively state that common questions of fact or law predominate. Id. Accordingly, defendants request that the Court defer ruling on consolidating these matters until further discovery has been completed, or in the alternative, grant the motion to consolidate solely for discovery purposes. Id.

Defendants further argue that the motion should be denied because a consolidated trial would prejudice defendants and lead to juror confusion. Id. at 4. First, defendants contend that a joint trial would invite the jury to infer liability by the mere fact that there are multiple plaintiffs in the same trial and through the jury's exposure to cumulative evidence of defendants' alleged wrongdoing. Id. at 5–6. Second, defendants argue that consolidation would allow plaintiffs to introduce evidence that may otherwise be deemed inadmissible at separate trials. Id. at 6. Under California law, the existence of a product defect is determined at the time of manufacture or distribution, see Carlin v. Superior Court, 13 Cal. 4th 1104, 1111 (1996), and therefore evidence of a defendant's knowledge during the period following manufacture or distribution is generally inadmissible. Id. at 6–7. Because the implantation surgeries in these action occurred 22 months apart, defendants argue that allowing plaintiffs to introduce evidence regarding defendants' knowledge prior to the Bower surgery but following the Prater surgery would be improper. Id. at 7–9. Third, defendants argue that consolidation would inundate and confuse the jury with disparate evidence regarding the plaintiffs' individual causation issues, medical histories, physician decisions and other factors that could not be compartmentalized. Id. at 9–10. Fourth, defendants argue that a consolidated trial would

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03178-CAS (KSx) 2:17-cv-03196-CAS (KSx) | Date | January 3, 2018 |
|---|---|---|---|
| Title | JOHN BOWER V. WRIGHT MEDICAL TECHNOLOGY INC. ET AL. CATHERINE PRATER V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

be unwieldly, unmanageable, and protracted because of case-specific testimony and evidence in each case. Id. at 12–13. Defendants cite to several district court orders denying consolidation in medical implant cases, and contend that no precautionary measures will adequately safeguard against prejudice and juror confusion. Id. at 13–17.

As plaintiffs indicate, similar arguments made by defendants here were raised and rejected when the Court consolidated the Biorn and Sarafian actions in January 2017. Reply at 1. For example, the cases relied upon by defendants generally involve consolidation of substantially more than two cases or are otherwise distinguishable from the present circumstances. See, e.g., Dunbar v. Medtronic, Inc., No. CV 14-01529-RGK (AJWx), 2014 WL 3056081, at *3 (C.D. Cal. June 25, 2014) (finding improper joinder where complaint named 29 plaintiffs who underwent spinal surgery performed by different surgeons using different procedures at different hospitals over a 10 year period); Jones v. Wright Med. Tech., 2012 U.S. Dist. LEXIS 84546, 2012 WL 2322456 (W.D. Mich. June 19, 2012) (denying motion to consolidate where two plaintiffs were implanted with different models of the "Profemur Z stem" that broke in different ways, one fractured at the stem and the other fractured at the neck). Plaintiffs further argue that the motion is not premature because the factual similarities are already established; and defendants' argument that they lack sufficient information to verify the allegations is disingenuous because they are required by law to track patients post-implantation. Reply at 2–3. In addition, plaintiffs indicate that concerns regarding the admissibility of evidence and juror confusion may be addressed through motions in limine and limiting instructions. Id. at 3–4.

Based on the foregoing, the Court finds that common questions of law and fact predominate in these actions such that consolidation—at least for pretrial purposes—will promote judicial economy without any substantial delay or prejudice to defendants. However, the Court is mindful that until the parties have more fully developed the record through discovery, the question of whether any potential differences between Bower and Prater's factual circumstances could prejudice defendants at trial or cause juror confusion cannot be fully assessed. Accordingly, the Court **GRANTS** plaintiffs' motion in part and orders that the two actions be consolidated for all pre-trial purposes. The Court further grants plaintiffs' request to continue the dates in the Prater action to those dates set in the Bower action and issues the revised scheduling order below. The revised order includes

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03178-CAS (KSx) 2:17-cv-03196-CAS (KSx) | Date | January 3, 2018 |
|---|---|---|---|
| Title | JOHN BOWER V. WRIGHT MEDICAL TECHNOLOGY INC. ET AL. CATHERINE PRATER V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

a status conference to determine whether the cases should be consolidated for trial to be held on February 25, 2019.

## V.     CONCLUSION

Plaintiffs' motions to consolidate are **GRANTED** in part. At this stage, the cases are consolidated for pre-trial purposes only. The Court schedules the following dates for these consolidated actions:

Request for leave to file amended pleadings or to add parties: March 2, 2018;
Settlement Completion Cutoff: December 14, 2018;
Factual Discovery Cut-off: October 30, 2018;
Last Day to File Motions: March 8, 2019;
Plaintiff's Exchange of Expert Reports Cut-off: November 29, 2018;
Defendants' Exchange of Expert Reports Cut-off: January 10, 2019;
Exchange of Rebuttal Reports Cut-off: January 29, 2019;
Expert Discovery Cut-off: February 22, 2019;
Status Conference re: Settlement **(11:00 A.M.):** **January 14, 2019;**
Status Conference re: Trial Consolidation **(11:00 A.M.):** **February 25, 2019;**
Pretrial Conference / Hearing on Motions in Limine **(11:00 A.M.): April 22, 2019**; and
Jury Trial **(9:30 A.M.): May 7, 2019**.

**IT IS SO ORDERED**.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CL | |