# APPENDIX 1



KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**II.  DISCOVERY DISPUTE NUMBER 1 – EVIDENCE OF FRACTURES IN PROFEMUR COCR NECKS**

    **A.  Plaintiffs' Document Demand and Defendants' Responses**

        **1.  Defendant Wright Medical Technology, Inc.**

REQUEST FOR PRODUCTION NO. 1:
All DOCUMENTS which RELATE TO COMMUNICATIONS YOU sent to or received from the U.S. Food and Drug Administration ("FDA") concerning the PROFEMUR DEVICE with the CoCr NECK, including but not limited to the FDA regulatory file and any supplementation, addition, amendment to same.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, which pertain to products which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, Wright Medical will produce, upon the entry of a stipulated confidentiality order, the regulatory files for the products which Plaintiff received and are at issue in this case.

REQUEST FOR PRODUCTION NO. 3:
All DOCUMENTS which RELATE TO the substance of meetings YOU had

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

with the FDA RELATING to the PROFEMUR DEVICE with the CoCr NECK, including but not limited to the FDA regulatory file and any supplementation, addition, amendment to same.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, relating to any and all communications regardless of the substance, which pertain to products which Plaintiff did not receive and which are not at issue in this case. Read literally this Request seeks any and all documents related to the FDA, having any arguable connection to the products at issue in this case, regardless as to whether the communication has anything to do with the allegations and theories of defect pled in the Complaint. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical will produce the regulatory files for the products which Plaintiff received and are at issue in this case.

REQUEST FOR PRODUCTION NO. 5:
All DOCUMENTS which RELATE TO COMMUNICATIONS from 2009 to present concerning a potential or actual recall of the CoCr NECK, including, but not limited to, minutes of meetings in which a recall was discussed.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request to the extent that it seeks documents which pertain to the decisions and conduct of a third party, over whom Wright Medical has no control. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, which pertain to products which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical will produce risk assessment and analysis forms it prepared for the PROFEMUR® modular neck component at issue, which may include information responsive to this Request.

REQUEST FOR PRODUCTION NO. 7:
All DOCUMENTS which RELATE TO reports of implant failures RELATING TO the PROFEMUR DEVICE with the CoCr NECK.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request as overbroad and disproportionate to the needs of this case because it seeks documents concerning other product failures involving different patients with different product

8

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

configurations, treated by different physicians and surgeons, with differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Wright Medical further objects that the term "implant failures" is vague, ambiguous and undefined within the context of this Request and could include instances having nothing to do with the allegations or theories at issue in this matter. Wright Medical further objects to this Request to the extent it seeks information and documents, for an unlimited period of time, which pertain to reports of "implant failures" concerning products which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiff's complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 8:
All DOCUMENTS which RELATE TO any COMMUNICATIONS regarding implant failures, including but not limited to fracture and corrosion-related failures, of the PROFEMUR CoCr Neck.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request as overbroad and disproportionate to the needs of this case because it seeks documents concerning a failure mode (corrosion) and products that are not at issue in this case. Wright Medical further objects on grounds this Request seeks documents concerning other product failures involving different patients with different product configurations, treated by different physicians and surgeons, with differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Wright Medical further objects that the term "implant failures" is vague, ambiguous and undefined within the context of this Request and could include instances having nothing to do with the allegations or theories at issue in this matter. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 10:
All promotional and marketing materials YOU drafted, approved, published, or distributed concerning the PROFEMUR DEVICE, including, but not limited to, drafts of such promotional and marketing materials.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

9

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for the lifespan of the PROFEMUR® product line, which extends over 30 years and includes products which Plaintiff did not receive and which are not at issue in this case. Moreover, Wright Medical objects on the grounds that this Request seeks documents which neither Plaintiff nor her treating physicians reviewed or relied upon. Subject to, and without waiver of, the foregoing objections, Wright Medical will produce marketing materials for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 12:
All DOCUMENTS which RELATE TO PATIENT or physician complaints reported to YOU or MICROPORT concerning the PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects on grounds this Request seeks documents concerning a third party over whom Wright Medical has no control. Wright Medical further objects on the grounds that this Request seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, which pertain to "PATIENT or physician complaints" concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product complaints concerning different patients with different product configurations, treated by different physicians and surgeons, with differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 14:
All DOCUMENTS which RELATE TO reports of adverse events or implant failures concerning the PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, which pertain to "reports of adverse events or implant failures" concerning products which Plaintiff did not receive and which are not

10

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

at issue in this case. Moreover, this Request seeks documents concerning other adverse events and/or implant failures concerning different patients with different product configurations, treated by different physicians and surgeons, with differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Wright Medical further objects that the terms "adverse events" and "implant failures" are vague, ambiguous and undefined within the context of this Request and could include instances having nothing to do with the allegations or theories at issue in this matter. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 15:
All product labels, package inserts, or Instructions for Use ("IFU") that YOU drafted, approved, published or distributed concerning the PROFEMUR DEVICE and the IMPLANT COMPONENTS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request is overbroad as it seeks versions and variations of labels and documents not received or reviewed by Plaintiffs surgeon. Subject to, and without waiver of, the foregoing objections, Wright Medical responds that it will produce the IFUs accompanying the components which Plaintiff received.

REQUEST FOR PRODUCTION NO. 16:
All DOCUMENTS sufficient to show the warnings YOU provided to PATIENTS or their implanting surgeons concerning the risks of the PROFEMUR DEVICE with the CoCr NECK.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this .Request seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning different patients, product configurations, and surgeons which have no relevance to this matter. Subject to, and without waiver of, the foregoing objections, Wright Medical responds that it will produce the

11

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

IFUs which accompanied the products Plaintiff received, and marketing materials applicable to the modular neck component received by Plaintiff.

REQUEST FOR PRODUCTION NO. 17:
All DOCUMENTS concerning testing or studies YOU conducted RELATING TO THE PROFEMUR DEVICE with the CoCr NECK.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case, and are therefore not relevant or proportionate to the needs of this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the device development file and testing reports for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 21:
All claims summary databases or spreadsheets, which track or reflect failures or complaints regarding the PROFEMUR DEVICE, including, but not limited to, any claims database or spreadsheet that identifies complaints regarding the PROFEMUR DEVICE by the following categories: incident number; date; product ID; product; lot number; incident description; and investigation summary.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning a failure mode (corrosion) and products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures and complaints concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 22:
All claims summary databases or spreadsheets, which track or reflect failures, fractures, or complaints regarding the PROFEMUR DEVICE, including, but not limited to, any claims database or spreadsheets prepared, developed, and/or maintained by Rich Obert.

12

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

RESPONSE TO REQUEST FOR. PRODUCTION NO. 22:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning a failure mode (corrosion) and products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures and complaints concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 24:
The design history file, design control file, or design dossier DOCUMENTS RELATING TO the design and development of the PROFEMUR NECKS manufactured, designed, and/or marketed by WRIGHT, Cremascoli, and/or MICROPORT.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on grounds that it seeks documents which pertain to a third party over whom Wright Medical has no control. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the device development file for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 25:
All DOCUMENTS, including but not limited to investigations, internal studies, reports, PowerPoint presentations, or other similar material, that address failure rate(s) of all modular neck systems, the demographics of such failures, and projections of the number, percentage, or rate of future failures.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an

1
2
3
4
5
6
7
8
9
10

unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Wright Medical further objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Wright Medical further objects that the terms "investigations, internal studies, reports, PowerPoint presentations, or other similar material" and "all modular neck systems" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for the modular neck component which Plaintiff received and is at issue in this case, including, but not limited to, the responsive post-market surveillance reports for the modular neck component which Plaintiff received.

11
12
13

REQUEST FOR PRODUCTION NO. 27:
All DOCUMENTS and supporting data which reflect the total number, by model, of PROFEMUR CoCr NECKS distributed/sold/implanted worldwide on an annual basis from 2009 to present.

14
15
16
17
18
19
20
21
22

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects on the grounds that it no longer distributes or sells the "PROFEMUR CoCr NECKS." Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, information concerning the number of "PRO FEMUR CoCr NECKS" Wright Medical has "distributed/sold/implanted worldwide" has no relevance to the product liability claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for the modular neck component which Plaintiff received and is at issue in this case.

23
24
25

REQUEST FOR PRODUCTION NO. 29:
All DOCUMENTS and supporting data which reflect the total number, by model, of PROFEMUR CoCr NECKS distributed/sold/implanted domestically in the United States on an annual basis from 2009 to present.

26
27
28

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects on the grounds that it no longer distributes or sells the "PROFEMUR CoCr NECKS." Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, information concerning the number of "PROFEMUR CoCr NECKS" Wright Medical has "distributed/sold/implanted domestically" has no relevance to the product liability claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 30:
All data and DOCUMENTS which reflect the total number, by model, of PROFEMUR NECKS that have been reported to have failed due to corrosion in the United States on an annual basis from 2000 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects on grounds that this Request seeks documents concerning a failure mode (corrosion) not at issue in this case. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning multiple products-some of which are comprised of different materials-which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Wright Medical further objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control.

REQUEST FOR PRODUCTION NO. 33:
All data and DOCUMENTS which reflect the total number, by model, of CoCr NECKS which were reported to YOU, Cremascoli, or MICROPORT as fractured in the United States from 2009 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning multiple products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical

15

conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 35:
All data and DOCUMENTS which reflect the total number, by model, of CoCr NECKS which were reported to YOU, Cremascoli, or MICROPORT as fractured worldwide from 2009 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning multiple products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 37:
All DOCUMENTS which RELATE TO  minutes of meetings, correspondence, emails, reports, directives, memos, cost analysis, cost-benefit analysis, design specifications, testing data or other DOCUMENTS RELATING TO WRIGHT'S consideration of any and all alternative designs, manufacturing methods, metal alloy types, or component composition to the PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects that the terms "minutes of meetings, correspondence, emails, reports, directives, memos, cost analysis, cost-benefit analysis, design specifications, testing data or other DOCUMENTS" are vague, ambiguous and undefined within the context of this Request. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the device

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

development file for the modular neck component which Plaintiff received and is at issue in this case.

<u>REQUEST FOR PRODUCTION NO. 40</u>:
All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any implanting surgeon user discussing concerns related to corrosion and failure of the PROFEMUR DEVICE from 2000 to present.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 40</u>:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects on grounds that this Request seeks documents concerning a failure mode (corrosion) not at issue in this case, which therefore have no relevance to the claims asserted by Plaintiff. Wright Medical further objects to this Request on the grounds it is vastly overbroad and unduly burdensome in that it seeks any and all communications, regardless of source, for information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Wright Medical further objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

<u>REQUEST FOR PRODUCTION NO. 41</u>:
All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any PERSON or entity, including but not limited to the FDA or MICROPORT, concerning complaints about fractured CoCr NECK fracture components from 2009 to present.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 41</u>:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds it is vastly overbroad and unduly burdensome in that it seeks any and all communications, regardless of source, for information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other product failures concerning different patients, treated by different physicians and

17

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Wright Medical further objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 42:
All DOCUMENTS which RELATE TO COMMUNICATIONS concerning post-market surveillance of the PROFEMUR DEVICE from 2000 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products – some of which are comprised of a different material – which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the post-market surveillance reports for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 43:
Medical literature, papers, podium presentations, poster presentations, research, texts, treatises, or other similar DOCUMENTS, regardless of whether published or peer reviewed, received or generated by or on YOUR behalf from January 1, 2000 to the present, RELATING TO the integrity, wear-rate, micromotion, corroding, fretting, or fracturing of PROFEMUR Ti6A14V MODULAR NECKS, regardless of the exact language used, and regardless of whether it specifically addresses a WRIGHT or MICROPORT device.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, pre-dating by nearly a decade the launch of the modular neck component at issue here, concerning a failure mode ( corrosion) and products comprised of a different material which Plaintiff did not receive and which are not at issue in this case, and products which were not even designed, developed, manufactured, or sold

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

18

by Wright Medical. Wright Medical further objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the device development file and post-market surveillance reports for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 44:
Medical literature, papers, podium presentations, poster presentations, research, texts, treatises, or other similar DOCUMENTS, regardless of whether published or peer reviewed, received or generated by or on YOUR behalf RELATING TO the integrity, wear-rate, micromotion, corroding, fretting, or fracturing of PROFEMUR CoCr MODULAR NECKS, regardless of the exact language used, and regardless of whether it specifically addresses a WRIGHT or MICROPORT device.

RESPONSE TO REQUEST FOR PRODUCTION NO. 44:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning a failure mode (corrosion) and products which Plaintiff did not receive and which are not at issue in this case, and products which were not even designed, developed, manufactured, or sold by Wright Medical. Wright Medical further objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the device development file and post-market surveillance reports for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 45:
All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any surgeon RELATING TO or discussing in any way the integrity, wear-rate, micromotion, fretting, fretting corrosion, fracture or breakage of the PROFEMUR Ti6A14V MODULAR NECKS, regardless of whether that communication involved the personal experience of the surgeon with a patient.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning a failure mode (corrosion) and numerous hip implant components comprised of a different material which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks

19

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

communications concerning other patients, surgeons and product failures, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which may contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

**REQUEST FOR PRODUCTION NO. 46:**
All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any surgeon RELATING TO or discussing in any way the integrity, wear-rate, micromotion, fretting, fretting corrosion, fracture or breakage of the PROFEMUR CoCr MODULAR NECK component, regardless of whether that communication involved the personal experience of the surgeon with a patient.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning a failure mode (corrosion) and numerous hip implant components which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other patients, surgeons and product failures, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which may contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

**REQUEST FOR PRODUCTION NO. 49:**
All published or presented material wherein a patient or recipient of a WRIGHT artificial hip with a TITANIUM or CoCr PROFEMUR MODULAR NECK speaks, promotes, or advocates on behalf of any WRIGHT artificial hip implant product, including, without limitation, any video footage of same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on grounds it seeks documents which neither Plaintiff nor her treating physicians reviewed or relied upon. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning any and all hip products-some of which are

20

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. Read literally, this Request seeks any and all materials, relating in any way to the promotion of over thirty hip implant components without any geographic or temporal limitations. Wright Medical further objects that the terms "published or presented material" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, Wright Medical responds that it will produce marketing materials for the PRO FEMUR® modular neck component which Plaintiff received.

REQUEST FOR PRODUCTION NO. 52:
All COMMUNICATION, including but not limited to emails and letter correspondence, between YOU and Dr. Jason Snibbe regarding PROFEMUR MODULAR NECKS from 2000 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds it seeks documents neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other product failures concerning different patients with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Wright Medical further objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce responsive documents, including, but not limited to, correspondence with Dr. Snibbe regarding the modular neck component which Plaintiff received and is at issue in this case, and Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 55:
All DOCUMENTS in YOUR possession RELATING TO WRIGHT'S, Cremascoli's, or MICROPORT'S failure mode analysis of the Ti6A14V NECK or CoCr NECK, including but not limited to any conclusions formulated or reached as a result of said investigation or analysis.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor

21

proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products – some of which are comprised of a different material – which Plaintiff did not receive and which are not at issue in this case. Wright Medical further objects that the term "failure mode analysis" is vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the device development file and risk assessment and analysis forms for the PRO FEMUR® modular neck component at issue, which may include information responsive to this Request.

REQUEST FOR PRODUCTION NO. 56:
All DOCUMENTS in YOUR possession RELATING TO WRIGHT'S, Cremascoli's, or MICROPORT'S failure mode analysis of the PROFEMUR DEVICE and/or its predecessor device, including but not limited to any conclusions formulated or reached as a result of said investigation or analysis.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to the extent the Request seeks documents authored and maintained by a party over whom Wright Medical has no control. Wright Medical further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products – some of which are comprised of a different material – which Plaintiff did not receive and which are not at issue in this case. Wright Medical further objects that the terms "failure mode analysis" and "predecessor device" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the device development file and risk assessment and analysis forms for the PROFEMUR® modular neck component at issue, which may include information responsive to this Request.

REQUEST FOR PRODUCTION NO. 58:
Produce a copy of all DOCUMENTS provided to YOUR employees and marketing, distribution, and sales personnel, on how to educate, inform, and notify surgeons and other users or purchasers of the PROFEMUR DEVICE, including but not limited to technical monographs, surgical technique guides, frequently asked questions brochures, and other DOCUMENTS that reflect, address, discuss or reference regulatory issues, concerns, problems or requirements related to PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 58:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor

22

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. Wright Medical further objects that the terms "other users or purchasers" and "regulatory issues, concerns, problems or requirements" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, Wright Medical responds that it will produce the IFUs, surgical technique, technical monographs, and other marketing materials for the PRO FEMUR® neck component at issue in this case.

REQUEST FOR PRODUCTION NO. 63:
Produce any DOCUMENTS where WRIGHT compares any aspects, properties, performance, characteristic, or safety of the CoCr NECK to any other PROFEMUR DEVICE, including those manufactured using a titanium (Ti6Al4V) alloy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 63:
The general objections above are incorporated by reference as though fully set forth herein. Wright Medical objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products-some of which are comprised of a different material – which Plaintiff did not receive and which are not at issue in this case. Wright Medical further objects that the terms "aspects, properties, performance, characteristic, or safety" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, Wright Medical responds that it will produce the device development file, testing and engineering reports, and post-market surveillance reports for the PRO FEMUR® modular neck component which Plaintiff received, which may contain information responsive to this Request.

## 2.    Defendant MicroPort Orthopedics, Inc.

REQUEST FOR PRODUCTION NO. 1:
All DOCUMENTS which RELATE TO COMMUNICATIONS YOU sent to or received from the U.S. Food and Drug Administration ("FDA") concerning the PROFEMUR DEVICE with the CoCr NECK, including but not limited to the FDA regulatory file and any supplementation, addition, amendment to same.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, which pertain to products which Plaintiff did not

23

receive and which are not at issue in this case. MicroPort further objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive, non-privileged communications in its custody or control with the FDA concerning the specific device implanted in Plaintiff, and generally concerning the PROFEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 2:
All DOCUMENTS which RELATE TO COMMUNICATIONS YOU sent to or received from the FDA concerning the PROFEMUR DEVICE with the Ti6A14V NECK, including but not limited to the FDA regulatory file and any supplementation, addition, amendment to same.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, which pertain to products which Plaintiff did not receive, are comprised of a different material, and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive, non-privileged communications in its custody or control with the FDA concerning the specific device implanted in Plaintiff, and generally concerning the PROFEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 3:
All DOCUMENTS which RELATE TO any meetings YOU had with the FDA RELATING to the PROFEMUR DEVICE with the CoCr NECK, including but not limited to the FDA regulatory file and any supplementation, addition, amendment to same.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, relating to any and all communications regardless of the substance, which pertain to products which Plaintiff did not receive and which are not at issue in this case. Read literally this Request seeks any and all documents related to the FDA, having any arguable connection to the products at issue in this case, regardless as to whether the communication has anything to do with the allegations and theories of defect pled in the Complaint. MicroPort further objects to the extent that the Request calls for documents that

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive, non-privileged documents in its custody or control sufficient to show the substance of meetings with the FDA concerning the specific device implanted in Plaintiff, and generally concerning the PROFEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 4:
All DOCUMENTS which RELATE TO any meetings YOU had with the FDA RELATING to the PROFEMUR DEVICE with the Ti6A14V NECK, including but not limited to the FDA regulatory file and any supplementation, addition, amendment to same.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
         The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, which pertain to products comprised of a different material which Plaintiff did not receive and which are not at issue in this case. Read literally, this Request seeks any and all documents related to the FDA, having any arguable connection to products not even received by Plaintiff, regardless as to whether the communication has anything to do with the allegations and theories of defect pled in the Complaint. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive, non-privileged documents in its custody or control sufficient to show the substance of meetings with the FDA concerning the specific device implanted in Plaintiff, and generally concerning the PROFEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 5:
All DOCUMENTS which RELATE TO any COMMUNICATIONS between YOU and any entity, including but not limited to the FDA or WRIGHT from 2009 to present concerning a potential or actual recall of the CoCr NECK, including, but not limited to, minutes of meetings in which a recall was discussed.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/ or are outside MicroPort's possession, custody or control. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, which pertain to products

25

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive, non-privileged documents in its custody or control MICROPORT ORTHOPEDICS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF CATHERINE PRATER'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (SET ONE) sufficient to show MicroPort's decision to recall the PROFEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any entity, including but not limited to the FDA or WRIGHT from 2000 to the present concerning a potential recall of the Ti6A14V NECK, including, but not limited to, minutes of meetings in which a potential recall was discussed.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for an unlimited period of time, which pertain to products comprised of a different material which Plaintiff did not receive and which are not at issue in this case. MicroPort further objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive, non-privileged documents in its custody or control sufficient to show MicroPort's decision to recall the PROFEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 7:
All DOCUMENTS which RELATE TO reports of implant failures RELATING TO the PROFEMUR DEVICE with the CoCr NECK.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:
        The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request as overbroad and disproportionate to the needs of this case because it seeks documents concerning other product failures involving different patients with different product configurations, treated by different physicians and surgeons, with differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. MicroPort further objects that the term "implant failures" is vague, ambiguous and undefined within the context of this Request and could include instances having nothing to do with the allegations or theories at issue in this matter. MicroPort further objects to this Request to the

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

extent it seeks information and documents, for an unlimited period of time, which pertain to reports of "implant failures" concerning products which Plaintiff did not receive and which are not at issue in this case. MicroPort further objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 8:
Any DOCUMENTS which RELATE TO written communication regarding implant failures, including but not limited to fracture and corrosion-related failures, of the PROFEMUR CoCr Neck.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:
        The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request as overbroad and disproportionate to the needs of this case because it seeks documents concerning a failure mode (corrosion) and products that are not at issue in this case. MicroPort further objects on grounds this Request seeks documents concerning other product failures involving different patients with different product configurations, treated by different physicians and surgeons, with differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. MicroPort further objects that the term "implant failures" is vague, ambiguous and undefined within the context of this Request and could include instances having nothing to do with the allegations or theories at issue in this matter. MicroPort further objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiff's complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 10:
All promotional and marketing materials YOU drafted, approved, published, or distributed concerning the PROFEMUR DEVICE, including, but not limited to, drafts of such promotional and marketing materials.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

27

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

information neither relevant to the subject matter of this litigation nor proportional to the needs of the case. Specifically, this Request seeks documents, for the lifespan of the PROFEMUR® product line, which extends over 30 years and includes products which Plaintiff did not receive and which are not at issue in this case. Moreover, MicroPort objects on the grounds that this Request seeks documents which neither Plaintiff nor her treating physicians reviewed or relied upon. MicroPort further objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. Subject to, and without waiver of, the foregoing objections, MicroPort responds that it will produce responsive, non-privileged documents in its custody or control demonstrating marketing of the PROFEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 12:
All DOCUMENTS which RELATE TO PATIENT or physician complaints reported to YOU or WRIGHT concerning the PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, which pertain to "PATIENT or physician complaints" concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product complaints concerning different patients with different product configurations, treated by different physicians and surgeons, with differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 14:
All DOCUMENTS which RELATE TO reports of adverse events or implant failures concerning the PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

proportional to the needs of the case because it seeks documents, for an unlimited period of time, which pertain to "reports of adverse events or implant failures" concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other adverse events and/or implant failures concerning different patients with different product configurations, treated by different physicians and surgeons, with differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. MicroPort further objects that the terms "adverse events" and "implant failures" are vague, ambiguous and undefined within the context of this Request and could include instances having nothing to do with the allegations or theories at issue in this matter. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 15:

All product labels, package inserts, or Instructions for Use ("IFU") that YOU drafted, approved, published or distributed concerning the PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request is overbroad as it seeks versions and variations of labels and documents not received or reviewed by Plaintiffs surgeon. Subject to, and without waiver of, the foregoing objections, MicroPort responds that it will produce responsive, non-privileged product labels, package inserts, and Instructions for Use for the PROFEMUR® CoCr modular neck, model PHAC- 1254, if any.

REQUEST FOR PRODUCTION NO. 16:
All DOCUMENTS sufficient to show the warnings YOU provided to PATIENTS or their implanting surgeons concerning the risks of the PROFEMUR DEVICE with the CoCr NECK.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an

29

unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning different patients, product configurations, and surgeons which have no relevance to this matter. Subject to, and without waiver of, the foregoing objections, MicroPort responds that it will produce responsive, non-privileged product labels, package inserts, and Instructions for Use for the PROFEMUR® CoCr modular neck, model PHAC- 1254, if any.

REQUEST FOR PRODUCTION NO. 17:
All DOCUMENTS which RELATE TO testing or studies YOU conducted RELATING TO the PROFEMUR DEVICE with the CoCr NECK.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive, non-privileged documents in its custody or control including testing and/or studies conducted concerning the PROFEMUR® CoCr modular neck, model PHAC- 1 254, if any.

REQUEST FOR PRODUCTION NO. 19:
All summary databases or spreadsheets which track failures or complaints regarding the PROFEMUR DEVICE, including, but not limited to, any claims database or spreadsheet that identifies complaints regarding the PROFEMUR DEVICE by the following categories: incident number, date, product ID, product, lot number, incident description, and investigation summary.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning a failure mode (corrosion) and products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures and complaints concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 20:
All summary databases or spreadsheets, which identifies or tracks testing

30

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

performed on a PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive, non- privileged documents in its custody or control including testing and/or studies conducted concerning the PRO FEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 21:
The design history file, design control file, or design dossier DOCUMENTS RELATING TO the design and development of the PROFEMUR NECKS in YOUR possession.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, MicroPort responds that it was not involved in the design and development of the PROFEMUR® CoCr modular neck component which Plaintiff received and is at issue in this case. Notwithstanding this fact, MicroPort further responds that the device development file for the modular neck component which Plaintiff received will be produced in this case.

REQUEST FOR PRODUCTION NO. 22:
All DOCUMENTS, including but not limited to investigations, internal studies, reports, PowerPoint presentations, or other similar material, that address failure rate(s) of all modular neck systems, the demographics of such failures, and projections of the number, percentage, or rate of future failures.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. MicroPort further objects to the extent the Request seeks documents authored and maintained by a party over whom MicroPort has no control. MicroPort further objects that the terms "investigations, internal studies, reports, PowerPoint presentations, or other similar material" and "all modular neck systems" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents for the modular neck component which Plaintiff received and is at issue in this case, including, but not limited to, the responsive post-market surveillance reports for the modular neck component which Plaintiff received.

REQUEST FOR PRODUCTION NO. 24:
All DOCUMENTS and supporting data which reflect the total number, by model, of PROFEMUR CoCr NECKS distributed/sold/implanted worldwide on an annual basis from 2009 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects on grounds that this Request seeks documents from a third party over whom MicroPort has no control. MicroPort further objects on the grounds that it no longer distributes or sells the PROFEMUR® CoCr neck component which Plaintiff received and is at issue in this case. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, information concerning the number of "PROFEMUR CoCr NECKS" MicroPort has "distributed/sold/implanted worldwide" has no relevance to the product liability claims asserted by Plaintiff. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort will produce responsive documents for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 26:
All DOCUMENTS and supporting data which reflect the total number, by model, of PROFEMUR CoCr NECKS distributed/sold/implanted domestically in the United States on an annual basis from 2009 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects on grounds that this Request seeks documents from a third party over whom MicroPort has no control. MicroPort further

32

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

objects on the grounds that it no longer distributes or sells the PROFEMUR®
CoCr neck component which Plaintiff received and is at issue in this case.
MicroPort further objects to this Request on the grounds that it seeks information
neither relevant to the subject matter of this litigation nor proportional to the
needs of the case because it seeks documents, for an unlimited period of time,
concerning products which Plaintiff did not receive and which are not at issue in
this case. Moreover, information concerning the number of "PROFEMUR CoCr
NECKS" MicroPort has "distributed/sold/implanted domestically in the United
States" has no relevance to the product liability claims asserted by Plaintiff.
Subject to, and without waiver of, the foregoing objections, upon the entry of a
stipulated confidentiality order, MicroPort will produce responsive documents
for the modular neck component which Plaintiff received and is at issue in this
case.

REQUEST FOR PRODUCTION NO. 30:
All data and DOCUMENTS which reflect the total number, by model, of CoCr
NECKS which were reported to YOU, WRIGHT, or Cremascoli as fractured in
the United States from 2009 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:
The general objections above are incorporated by reference as though fully set
forth herein. MicroPort objects to the extent the Request seeks documents
authored and maintained by a party over whom MicroPort has no control.
MicroPort further objects to this Request on the grounds that it seeks information
neither relevant to the subject matter of this litigation nor proportional to the
needs of the case because it seeks documents concerning multiple products
which Plaintiff did not receive and which are not at issue in this case. Moreover,
this Request seeks documents concerning other product failures concerning
different patients, treated by different physicians and surgeons, with unique
component configurations and differing medical conditions and circumstances,
all of which have no relevance to the claims asserted by Plaintiff in this case.
Subject to, and without waiver of, the foregoing objections, upon the entry of a
stipulated confidentiality order, MicroPort responds that it will produce
responsive documents for fracture complaints of the modular neck component
which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 32:
All data and DOCUMENTS which reflect the total number, by model, of CoCr
NECKS which were reported to YOU, WRIGHT, or Cremascoli as fractured
worldwide from 2009 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:
The general objections above are incorporated by reference as though fully set
forth herein. MicroPort objects to the extent the Request seeks documents
authored and maintained by a party over whom MicroPort has no control.
MicroPort further objects to this Request on the grounds that it seeks information
neither relevant to the subject matter of this litigation nor proportional to the

needs of the case because it seeks documents concerning multiple products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks documents concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 39:
All COMMUNICATION, including but not limited to emails and letter correspondence, between YOU and Dr. Jason Snibbe regarding PROFEMUR MODULAR NECKS from 2000 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to the extent the Request seeks documents authored and maintained by a party over whom MicroPort has no control. MicroPort further objects to this Request on the grounds it seeks documents neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products☐some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other product failures concerning different patients with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents, including, but not limited to, correspondence with Dr. Snibbe regarding the modular neck component which Plaintiff received and is at issue in this case, and Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 42:
All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any implanting surgeon user discussing concerns related to corrosion and failure of the PROFEMUR DEVICE from 2000 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects on grounds that this Request seeks documents concerning a failure mode (corrosion) not at issue in this case, which therefore have no relevance to the claims asserted by Plaintiff. MicroPort further objects to this Request on the grounds it is vastly overbroad and unduly burdensome in that

34

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

it seeks any and all communications, regardless of source, for information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. MicroPort further objects to the extent the Request seeks documents authored and maintained by a party over whom MicroPort has no control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 43:
All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any PERSON or entity, including but not limited to the FDA or WRIGHT, concerning complaints about fractured CoCr NECK fracture components from 2009 to present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds it is vastly overbroad and unduly burdensome in that it seeks any and all communications, regardless of source or date, for information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other product failures concerning different patients, treated by different physicians and surgeons, with unique component configurations and differing medical conditions and circumstances, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 44:
All DOCUMENTS and COMMUNICATIONS in YOUR possession concerning post-market surveillance of the PROFEMUR DEVICE from 2000 to present.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to the extent the Request seeks documents authored and maintained by a party over whom MicroPort has no control. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning products – some of which are comprised of a different material – which Plaintiff did not receive and which are not at issue in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce the post-market surveillance reports for the modular neck component which Plaintiff received and is at issue in this case.

**REQUEST FOR PRODUCTION NO. 45:**
Medical literature, papers, podium presentations, poster presentations, research, texts, treatises, or other similar DOCUMENTS, regardless of whether published or peer-reviewed, received or generated by or on YOUR behalf from January 1, 2000 to the present, RELATING TO the integrity, wear-rate, micromotion, corroding, fretting, or fracturing of PROFEMUR Ti6A14V MODULAR NECKS, regardless of the exact language used, and regardless of whether it specifically addresses a WRIGHT or MICROPORT device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, pre-dating by nearly a decade the launch of the modular neck component at issue here, concerning a failure mode (corrosion) and products comprised of a different material which Plaintiff did not receive and which are not at issue in this case, and products which were not even designed, developed, manufactured, or sold by MicroPort. MicroPort further objects to the extent the Request seeks documents authored and maintained by a party over whom MicroPort has no control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce the device development file and post-market surveillance reports for the modular neck component which Plaintiff received and is at issue in this case.

**REQUEST FOR PRODUCTION NO. 46:**
Medical literature, papers, podium presentations, poster presentations, research, texts, treatises, or other similar DOCUMENTS, regardless of whether published or peer-reviewed, received or generated by or on YOUR behalf RELATING TO the integrity, wear-rate, micromotion, corroding, fretting, or fracturing of PROFEMUR CoCr MODULAR NECKS, regardless of the exact language used, and regardless of whether it specifically addresses a WRIGHT or MICROPORT device.

36

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

RESPONSE TO REQUEST FOR PRODUCTION NO. 46:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents concerning a failure mode ( corrosion) and products which Plaintiff did not receive and which are not at issue in this case, and products which were not even designed, developed, manufactured, or sold by MicroPort. MicroPort further objects to the extent the Request seeks documents authored and maintained by a party over whom MicroPort has no control. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce the device development file and post-market surveillance reports for the modular neck component which Plaintiff received and is at issue in this case.

REQUEST FOR PRODUCTION NO. 47:
All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any surgeon RELATING TO or discussing in any way the integrity, wear-rate, micromotion, fretting, fretting corrosion, fracture or breakage of the PROFEMUR Ti6A14V MODULAR NECKS, regardless of whether that communication involved the personal experience of the surgeon with a patient.

RESPONSE TO REQUEST FOR PRODUCTION NO. 47:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning a failure mode (corrosion) and numerous hip implant components comprised of a different material which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other patients, surgeons and product failures, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which may contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

REQUEST FOR PRODUCTION NO. 48:
All DOCUMENTS which RELATE TO COMMUNICATIONS between YOU and any surgeon RELATING TO or discussing in any way the integrity, wear-rate, micromotion, fretting, fretting corrosion, fracture or breakage of the PROFEMUR CoCr MODULAR NECK component, regardless of whether that communication involved the personal experience of the surgeon with a patient.

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND
PRODUCTION OF DOCUMENTS [L.R. 37-2]

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning a failure mode (corrosion) and numerous hip implant components which Plaintiff did not receive and which are not at issue in this case. Moreover, this Request seeks communications concerning other patients, surgeons and product failures, all of which have no relevance to the claims asserted by Plaintiff in this case. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort will produce responsive documents for fracture complaints of the modular neck component which Plaintiff received and is at issue in this case, including Plaintiffs complaint file, which may contain information responsive to this Request as it pertains to Plaintiff and the modular neck component she received.

**REQUEST FOR PRODUCTION NO. 51:**
All published or presented material in YOUR possession wherein a PATIENT or recipient of a WRIGHT artificial hip speaks, promotes, or advocates on behalf of any WRIGHT artificial hip implant product, including, without limitation, any video footage of same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects on grounds this Request seeks documents which neither Plaintiff nor her treating physicians reviewed or relied upon, and are therefore not relevant to Plaintiffs claims. MicroPort further objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning any and all hip products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. Read literally, this Request seeks any and all materials, relating in any way to the promotion of over thirty hip implant components without any geographic or temporal limitations. MicroPort further objects that the terms "published or presented material" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, MicroPort responds that it will produce responsive, non-privileged documents in its custody or control demonstrating marketing of the PRO FEMUR® CoCr modular neck, model PHAC-1254, if any.

**REQUEST FOR PRODUCTION NO. 52:**
All published or presented material in YOUR possession wherein a PATIENT or recipient of a MICROPORT or WRIGHT artificial hip with a TITANIUM or

38

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CoCr MODULAR NECK speaks, promotes, or advocates on behalf of any MICROPORT or WRIGHT artificial hip implant product, including, without limitation, any video footage of same.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects on grounds this Request seeks documents which neither Plaintiff nor her treating physicians reviewed or relied upon, and are therefore not relevant to Plaintiffs claims. MicroPort further objects to the extent that the Request calls for documents that are publicly available, equally available from another party, and/or are outside MicroPort's possession, custody or control. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning any and all hip products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. Read literally, this Request seeks any and all materials, relating in any way to the promotion of over thirty hip implant components without any geographic or temporal limitations. MicroPort further objects that the terms "published or presented material" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, MicroPort responds that it will produce responsive, non-privileged documents in its custody or control demonstrating marketing of the PRO FEMUR® CoCr modular neck, model PHAC-1254, if any.

REQUEST FOR PRODUCTION NO. 54:
All DOCUMENTS in YOUR possession RELATING TO WRIGHT'S, Cremascoli's, or MICROPORT'S failure mode analysis of the Ti6A14V NECK or CoCr NECK, including but not limited to any conclusions formulated or reached as a result of said investigation or analysis.

RESPONSE TO REQUEST FOR PRODUCTION NO. 54:
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to the extent the Request seeks documents authored and maintained by a party over whom MicroPort has no control. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products – some of which are comprised of a different material – which Plaintiff did not receive and which are not at issue in this case. MicroPort further objects that the term "failure mode analysis" is vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce the device development file and risk assessment and analysis forms for the PROFEMUR® modular neck component at issue, which may include information responsive to this Request.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS in YOUR possession RELATING TO WRIGHT'S, Cremascoli's, or MICROPORT'S failure mode analysis of the PROFEMUR DEVICE and/or its predecessor device, including but not limited to any conclusions formulated or reached as a result of said investigation or analysis.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to the extent the Request seeks documents authored and maintained by a party over whom MicroPort has no control. MicroPort further objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. MicroPort further objects that the terms "failure mode analysis" and "predecessor device" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce the device development file and risk assessment and analysis forms for the PROFEMUR® modular neck component at issue, which may include information responsive to this Request.

REQUEST FOR PRODUCTION NO. 57:

Produce a copy of all DOCUMENTS provided to YOUR employees and marketing, distribution, and sales personnel, on how to educate, inform, and notify surgeons and other users or purchasers of the PROFEMUR DEVICE, including but not limited to technical monographs, surgical technique guides, frequently asked questions brochures, and other DOCUMENTS that reflect, address, discuss or reference regulatory issues, concerns, problems or requirements related to PROFEMUR DEVICE.

RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. MicroPort further objects that the terms "other users or purchasers" and "regulatory issues, concerns, problems or requirements" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, MicroPort responds that it will produce the IFUs, surgical technique, technical monographs, and other marketing materials for the PROFEMUR® neck component at issue in this case.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

<u>REQUEST FOR PRODUCTION NO. 65:</u>
Produce any documents where YOU compare any aspects, properties, performance, characteristic, or safety of the CoCr NECK to any other PROFEMUR DEVICE, including those manufactured using a titanium (Ti6Al4V) alloy.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 65:</u>
The general objections above are incorporated by reference as though fully set forth herein. MicroPort objects to this Request on the grounds that it seeks information neither relevant to the subject matter of this litigation nor proportional to the needs of the case because it seeks documents, for an unlimited period of time, concerning products-some of which are comprised of a different material-which Plaintiff did not receive and which are not at issue in this case. MicroPort further objects that the terms "aspects, properties, performance, characteristic, or safety" are vague, ambiguous and undefined within the context of this Request. Subject to, and without waiver of, the foregoing objections, upon the entry of a stipulated confidentiality order, MicroPort responds that it will produce the device development file, testing and engineering reports, and post-market surveillance reports for the PROFEMUR® modular neck component which Plaintiff received, which may contain information responsive to this Request.



JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS [L.R. 37-2]